IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD JEFFERSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-09-2492 |
| J. PHILIP MORGAN and | * | |
| THE ATTORNEY GENERAL OF | | |
| THE STATE OF MARYLAND | * | |
| Respondents | * | |

***

## MEMORANDUM

In this petition for writ of habeas corpus, petitioner alleges he is illegally detained because his diminution of confinement credits were revoked improperly. Paper No. 1. Respondents assert that the petition is time-barred, the claims are not properly exhausted, and there is no federal issue presented. Paper No. 10. Petitioner was directed to file a reply concerning the issue of timeliness. Paper No. 12. Petitioner filed both a supplement to the petition as well as a reply. Papers No. 14 and 16. Upon review of the papers filed, the court concludes that an evidentiary hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2009).

**Pending Motions**

Petitioner filed a motion for default judgment, docketed two days after respondents filed an answer to the petition. Paper No. 11. There is no basis for default judgment in this case; therefore, the motion will be denied.

Petitioner's motion for extension of time will be granted nunc pro tunc and his reply considered timely filed. Paper No. 13. Petitioner also filed a motion to proceed in forma pauperis with his supplement to the petition for writ of habeas corpus. Paper No. 15. Petitioner was already granted leave to proceed in forma pauperis; therefore, the pending motion shall be

denied as moot.

## Petitioner's Claims

Petitioner states he lost a total of 1, 558 days of diminution of confinement credits due to disciplinary adjustment proceedings. Paper No. 1 and 16. He asserts that because the rules for adjustment procedures were not adopted in compliance with the Maryland Administrative Procedure Act (APA), the revocation of his credits was unconstitutional. *Id*. He claims restoration of the credits would result in his immediate release from prison.

On April 26, 1994, petitioner was sentenced to serve 25 years for second degree murder, with 15 years imprisonment concurrent for a handgun violation and a 10 year concurrent sentence for assault. Paper No. 10 at Ex. 1. Petitioner was given credit for time spent in pre-trial custody; thus, his term of confinement began on September 16, 1984, resulting in a maximum expiration date of September 16, 2014. *Id*. at Ex. 2. Petitioner was also awarded diminution of confinement credits for the period of time he spent in the Baltimore City Detention Center, amounting to 141 days of good conduct credit, 141 days industrial credit, and 141 days special project credit. *Id*. at Ex. 3; *see also* Md. Corr. Ser., Code Ann. §§11-501 -- 509. Petitioner was also awarded 106 special project credits, 21 industrial credits and 91 educational credits. Paper No. 10 at Ex. 3; *see also* Md. Corr. Ser., Code Ann. §§3-704—707. After he was found guilty of various institutional rule violations, petitioner lost 1340 good conduct credits, or all of the credits awarded to him at the beginning of his sentence, as well as 90 days of special project credits. Thus petitioner is currently receiving the benefit of 551 days of diminution credits, resulting in an anticipated mandatory supervision release date of March 14, 2013 as of November 30, 2009.

## Standard of Review

When filing a federal habeas corpus application, a petitioner must show that all of his

claims have been properly presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

Petitioner relies primarily on the decision in *Massey v. Secretary, DPSCS*, 389 Md. 496, 886 A. 2d 585 (2005) for the basis of his claim that the revocation of his credits was improper. Paper No. 1. In *Massey* the Maryland Court of Appeals held that two Division of Correction Directives were adopted without resort to the Maryland APA and were therefore invalid. *Massey*, 389 Md. at 524, 886 A. 2d at 602. The court recognized the implications of its decision and delayed the issuance of the mandate in the decision by 120 days so that prison disciplinary proceedings would not grind to a halt. *Id*. at 525, 886 A. 2d at 602.

Petitioner first presented his claim on June 26, 2007, when he wrote to the Commissioner of Correction concerning the revocation of his credits. Paper No. 10 at Ex. 7, p. 3. After he received a response from the Commitment Records Supervisor on August 17, 2007, stating his good conduct had been properly revoked, petitioner filed an appeal to the Inmate Grievance Office. By letter dated November 19, 2007, the IGO dismissed petitioner's appeal as untimely. *Id*. at Ex. 5. Petitioner then filed a petition for writ of habeas corpus in the Circuit Court for Baltimore City on November 30, 2007. *Id*. at Ex. 7. His petition was dismissed in a decision dated July 1, 2008, because an award of the disputed credits would not have caused petitioner's immediate release, and as an appeal of an administrative agency decision, the claim was not exhausted properly. *Id*. Under Maryland law, petitioner may still seek habeas corpus review on this claim when the award of the revoked credits would cause his immediate release from confinement. *See* Md. Rule 15-301 *et seq.*; *see also Wilson v. Simms*, 157 Md App. 82, 92, 849 A. 2d 88, 94 (2004) (pursuit of administrative remedies unnecessary upon a colorable showing of

entitlement to an immediate release). Thus, even if the instant petition presented a federal claim[1] for this court's review, it may not be adjudicated here on the merits, because it has not been properly exhausted.

      A separate order dismissing the petition follows.

<br>

March 18, 2010                                                    /s/
Date                                                            J. Frederick Motz
                                                                  United States District Judge

---

[1] Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).